# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SANTOS DAVID MARTIN MARTIN,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, et al.,

Respondents.

No. 3:26-cv-006046-BTM-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Santos David Martin Martin's petition for a writ of habeas corpus.

**A. Background**

Petitioner, a native and citizen of Guatemala, arrived in the United States as a minor about 2018. Petitioner was detained at a youth detention facility and released within a few months. Petitioner's immigration proceedings were closed by the Government. Petitioner has two U.S. citizen children. On September 9, 2026, Petitioner claims he was re-detained by immigration officers without a warrant or a hearing. Petitioner received a bond hearing on October 22, 2026, and the immigration judge found that Petitioner was a flight risk and denied bond.

Petitioner claims his re-detention violated the Fifth Amendment's Due Process Clause. Petitioner argues he was entitled to notice and a hearing before being re-detained.

The Government claims that Petitioner received the only relief he is entitled to, that is, a bond hearing. The Government does not contend that there is evidence that Petitioner is a danger to the community. The Government contends that even if Petitioner's re-detention was unlawful, release is not the appropriate remedy. The Government argues that because Petitioner's current detention is lawful, any questions on the lawfulness of his re-detention provide no relief in habeas.

**B. Discussion**

Petitioner challenges the lawfulness of his custody, a legal question for habeas courts, and thus exhaustion is not required. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (affirming waiver of prudential exhaustion where the challenge at issue raised pure questions of law); *Massachusetts v. Lyng*, 893 F.2d 424, 428 (1st Cir. 1990) ("Exhaustion is not mandated where the issue is a matter of law as to which specialized administrative understanding plays little role, or where further agency proceedings would be futile."); *Robinson v. Block*, 869 F.2d 202, 207 (3d Cir. 1989) ("Exhaustion of

administrative remedies is not required where, as here, the issue presented is strictly legal." (quotation marks and citation omitted)).

On the merits, the Court holds that due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)).

Respondents failed to comply with these due process requirements. The Government did grant Petitioner a statutory bond hearing, but such a hearing was of course necessarily predicated on the Government's right to re-detain Petitioner in the first place. Because the Government re-detained Petitioner in violation of his due process rights, the bond hearing was no remedy for that violation. The appropriate remedy is release. *See Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *16-17 (S.D. Cal. Oct. 22, 2025) ("Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered."). Moreover, the Government essentially concedes that Petitioner is not a danger to the community, and any contention that he is a flight risk appears questionable because Petitioner has two U.S. citizen children and has apparently lived here without incident for about eight years. He was given work authorization by the Government and he paid taxes. The Respondents do not dispute these facts.

//

//

**C. Conclusion**

For the reasons stated, the petition for a writ of habeas corpus is granted. Respondents are ordered to immediately release Petitioner from custody under any preexisting conditions of release. The Respondents shall provide the Petitioner with reporting instructions. Should the Government attempt to revoke Petitioner's release in the future, it must provide Petitioner a written revocation notice by an authorized official providing individualized grounds for the termination of release. The Government must also grant Petitioner an opportunity to rebut the revocation of release.

The Court retains jurisdiction to enforce the writ. Respondents are ordered to file a status report confirming Petitioner's release no later than November 10, 2026.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Honorable Barry Ted Moskowitz
United States District Judge